JULIUS MEYER, PLAINTIFF IN ERROR, v. DAVID WILKIE, DEFENDANT IN ERROR.

**Trial:** VERDICT SUSTAINED.　The verdict of a jury will not be set aside unless it is clearly wrong; and where there is a conflict in the evidence and it is nearly equally balanced the verdict will not be disturbed.

ERROR to the district court for Douglas county.　Tried below before WAKELEY, J.

*Charles Ogden,* for plaintiff in error.

*E. W. Simeral* and *W. A. Redick,* for defendant in error.

MAXWELL, CH. J.

In December, 1882, the plaintiff in error drew a check for $175 on the Merchants National Bank of Omaha, pay-

able to the defendant or his order, and delivered the same to the defendant. The check was presented for payment, and by direction of the plaintiff refused. An action was thereupon brought against the drawer, to which he answered admitting the drawing of the check, but alleged that prior to the date thereof he and the defendant entered into a verbal contract whereby, in consideration of $175, the defendant was to construct a skating rink, to be water tight, at the corner of 9th and Farnam street, Omaha; that after said rink was completed it was flooded with water, but the water escaped; that said rink was improperly and unskillfully constructed and would not hold water, and was useless to the plaintiff; that by reason of the unskillful workmanship it was impossible for the plaintiff to use the grounds, which were leased at large expense by reason of being connected with water pipes, hydrant, etc. Wherefore the plaintiff in error claimed damages in the sum of $200. The reply is a general denial.

On the trial of the cause the jury returned a verdict in favor of the plaintiff below (defendant in error) for $175.

The principal error relied upon in this court is, that the verdict is against the weight of evidence. The testimony tends to show the rink in question was to be flooded with water, which in the winter time, when frozen, was to be used as a skating rink; that there was a place of considerable depth, called " a swimming hole " in the evidence, near the middle of the floor; that the leak was in this swimming hole. The principal question is, whether it was part of the defendant in error's contract to make this swimming hole water tight. If this was a part of the contract the plaintiff in error is entitled at least to damages for the failure to complete the contract. If it was not a part of the contract then the defendant in error has complied with the terms of the contract and is entitled to the full contract price. Upon these questions there is a direct conflict of evidence, and it is so nearly balanced that it is impossible

for this court to interfere. The case was one proper to submit to a jury, and the verdict will not be disturbed unless it was clearly wrong, which it is not. The judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.